UNITED STATES DISTRICT COURT
SOUTHERN  DISTRICT OF NEW YORK
------------------------------------------------------------X
NATIONAL UNION FIRE INSURANCE          :
COMPANY OF LOUISIANA, AI MARINE        :
ADJUSTERS, INC., NAVIGATORS            :
INSURANCE SERVICES OF TEXAS, INC.      :
and MARINE OFFICE OF AMERICA           :
CORPORATION,                           :
                                       :
                    Plaintiffs,        :      **MEMORANDUM**
                                       :      **OPINION AND ORDER**
        - against -                    :
                                       :      **05 Civ. 3418 (SAS)**
UNIVERSAL FABRICATORS, INC.,           :
GENERAL STAR NATIONAL INSURANCE        :
COMPANY, NEW YORK MARINE AND           :
GENERAL INSURANCE COMPANY,             :
MUTUAL MARINE OFFICE, INC. and         :
AMERICAN ALTERNATIVE INSURANCE         :
GROUP,                                 :
                                       :
                    Defendants.        :
------------------------------------------------------------ X
SHIRA A. SCHEINDLIN, U.S.D.J.:

## I.    INTRODUCTION

The present dispute involves New York Marine and General

Insurance Company and Mutual Marine Office, Inc. (collectively, "Mutual

Marine"), as primary insurer, and General Star National Insurance Company

("GenStar"), as excess insurer.  GenStar now moves for summary judgment

declaring that GenStar is not liable to Mutual Marine for amounts paid over

Mutual Marine's policy limit and to dismiss Mutual Marine's First, Second, Third,

Fourth and Fifth Cross-Claims in Mutual Marine's Amended Answer to the

Second Amended Complaint in this action.

## II.    BACKGROUND

The background of this case and the largely undisputed set of facts

were set forth in detail in this Court's July 18, 2007 Opinion and Order denying

Mutual Marine's motion for summary judgment (the "July 18 Opinion").[1]  They

will not be repeated here.

Several provisions of GenStar's policy issued to UFI (the "GenStar

Policy")[2] are relevant for purposes of this motion.  Section I of the GenStar Policy

is entitled "Coverages."  Under the subheading "Coverage A" therein, the

following "Insuring Agreement" is recited:  "We will pay on behalf of the insured

for ultimate net loss in excess of the retained limit because of bodily injury or

---

[1]      *See National Union Fire Ins. Co. of Louisiana v. Universal
Fabricators, Inc.*, No. 05 Civ. 3418, 2007 WL 2059840, at *1-4 (S.D.N.Y. July
18, 2007).  All terms used but not defined herein will have the same meaning
ascribed to them in the July 18 Opinion.

[2]      General Star National Insurance Company umbrella policy No. NUG-
332963C ("GenStar Policy"), Exhibit ("Ex.") B to the Declaration of Christopher
T. Bradley in Support of General Star National Insurance Company's Motion for
Summary Judgment ("Bradley Decl.").

property damage to which this policy applies."[3]  "Ultimate net loss" is defined as

"the total amount of damages for which the insured is legally liable."[4]  The

definition goes on to provide, in pertinent part, "Ultimate net loss may be

established by adjudication, arbitration or a compromise settlement to which we

have previously agreed in writing."[5]

Section V of the GenStar Policy contains the Policy "Conditions."

Among the conditions listed is the condition that "No insureds will, except at their

own cost, voluntarily make a payment, assume any obligation, or incur any

expense without our consent."[6]

## III.   LEGAL STANDARD

The general standard for summary judgment is set forth fully in the

July 18 Opinion and will not be repeated.  In addition, because a motion for

summary judgment searches the record, if upon review, there is no genuine issue

of material fact and the non-movant is entitled to judgment in his favor, summary

---

[3]      GenStar Policy at Section I, ¶ 1. (emphases omitted).  "We" is defined
as "General Star National Insurance Company."  *Id.* at page 1.

[4]      *Id.* at Section VI, ¶ 23.

[5]      *Id.*

[6]      *Id.* at Section V, ¶ 5.d.

-3-

judgment may be granted to the non-movant.[7]  In doing so, a court need not give

notice of its intention to enter summary judgment against the moving party.[8]

## IV.   DISCUSSION

GenStar moves for summary judgment, arguing that it is not liable to

pay Mutual Marine the approximately $700,000 that Mutual Marine paid to

National Union over and above its policy limit for two reasons: *first*, the moneys

paid by Mutual Marine are not a covered loss under the definition of ultimate net

loss in the GenStar Policy; and *second*, Mutual Marine was acting as a volunteer

when it paid the additional sum because it was never under any obligation to make

that payment. Mutual Marine maintains that there was a covered loss under the

---

[7]      *See New England Health Care Employees Union, Dist. 1199, SEIU AFL-CIO v. Mount Sinai Hosp.*, 65 F.3d 1024, 1030 (2d Cir. 1995) ("Because a motion for summary judgment searches the record, we may reverse the grant of summary judgment and order judgment for the non-moving party if we find undisputed support in the record entitling the non-moving party to judgment as a matter of law." (citation omitted)).  *See also Coach Leatherware Co. v. AnnTaylor, Inc.*, 933 F.2d 162, 167 (2d Cir. 1991) (practice of district court granting summary judgment in favor of the nonmoving party "has become an accepted method of expediting litigation" (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)) (additional citation omitted)).

[8]      *See Coach Leatherware*, 933 F.2d at 167.  *See also Local 33, Int'l Hod Carriers Bldg. & Common Laborers' Union of Am. v. Mason Tenders Dist. Council of Greater N.Y.*, 291 F.2d 496, 505 (2d Cir. 1961) ("[I]t is most desirable that the court cut through mere outworn procedural niceties and make the same decision as would have been made had [the non-moving party] made a cross-motion for summary judgment.").

terms of the GenStar Policy, and that the First Agreement, which actually reduced GenStar's exposure, was at worst a breach of a policy condition that was not timely disclaimed as required by section 3420(d) of New York's Insurance Law ("section 3420(d)"). Finally, Mutual Marine contends that it was not acting as a volunteer because it was under an obligation to defend UFI after GenStar refused the demand for payment.

### 1. The Amounts Paid by Mutual Marine Are Covered as an Ultimate Net Loss

It is undisputed that ITO and the City were additional named insureds under the terms of Mutual Marine's primary policy and the GenStar Policy as excess insurer. It is also undisputed that UFI contractually agreed to indemnify, defend and hold harmless ITO and the City. The court in the Underlying Action directed a verdict under New York's Scaffolding Law in favor of the plaintiff and against ITO and the City, and the jury awarded plaintiff three million dollars, which was ultimately reduced on appeal. Under any definition of the term, this was an "adjudication" of liability as to ITO and the City (and, ultimately, of UFI if and when called upon to indemnify ITO and the City). Adjudication is one of the explicit methods of establishing an ultimate net loss under the terms of the GenStar Policy. Accordingly, the jury verdict, as reduced on appeal, was a

covered loss under the GenStar Policy, which covered ITO and the City as additional insureds, as well as UFI, which would ultimately be liable to ITO and the City on the basis of the indemnification/hold harmless agreement. Thus, GenStar was liable to pay the excess for any amounts due over and above Mutual Marine's policy limit.

The fact that Mutual Marine, on behalf of UFI, reached a pre-verdict agreement with ITO and the City's other insurers to apportion the damages award does not change the result that this loss was covered. Even though GenStar did not agree to the apportionment and there was no resulting "compromise settlement to which [GenStar] ha[d] previously agreed in writing," the loss still satisfies the definition of ultimate net loss as established by adjudication. Thus, the lack of consent by GenStar is not fatal to coverage in this case.

It is puzzling why GenStar is complaining at all given that the apportionment was *favorable* to GenStar. In the absence of that agreement, GenStar would have had to pay one hundred percent of the verdict in excess of Mutual Marine's policy — either as insurer of ITO and the City, as additional named insureds, or as insurer of UFI, who was required to indemnify ITO and the

City.[9] There is no merit to GenStar's speculation, without any basis in the record, that the mere fact that ITO and the City participated in a settlement demonstrates their negligence, which GenStar argues would have absolved GenStar of any liability under the GenStar Policy. Rather, the record reflects that ITO and the City were held strictly liable based solely on the Scaffolding Law and that there was no evidence of any negligence on the part of ITO and/or the City. As a result, their additional named insured coverage and indemnification rights were clearly triggered.

Because there is an ultimate net loss established by adjudication, the fact that GenStar did not agree to the First Agreement is, at most, a breach of GenStar Policy Condition 5.d. However, in order to rely on the breach of a policy condition as grounds for denying coverage, GenStar was required to make a timely disclaimer in accordance with section 3420(d),[10] which it never did. Accordingly,

_____

[9]     Both UFI's obligation to indemnify ITO and the City, and Mutual Marine and GenStar's obligation to cover ITO and the City as additional named insureds are triggered if ITO and the City are held strictly or vicariously liable, as opposed to liable as a result of their own negligence.

[10]     *See, e.g., New York Cent. Mut. Fire Ins. v. Majid*, 773 N.Y.S.2d 429, 429 (2d Dep't 2004) ("To disclaim liability or deny coverage, [the insurer] was required to 'give written notice as soon as [was] reasonably possible of such disclaimer of liability or denial of coverage'" (citing Insurance Law § 3420(d)). *See also Matter of the Arbitration between Allcity Ins. Co. v. Jimenez*, 78 N.Y.2d 1054, 1056 (1991) ("The timeliness of an insurer's disclaimer is measured from

GenStar cannot invoke that alleged breach as a basis for avoiding liability.

## 2.    Mutual Marine Is Not a Volunteer

GenStar argues that Mutual Marine was acting as a volunteer when it entered into the Second and Third Agreements because it had no obligation to do so.  As set forth in the July 18 Opinion, under the Second Agreement, Mutual Marine agreed to indemnify and defend UFI in National Union's declaratory judgment action.  In exchange, UFI agreed that to the extent Mutual Marine pays any money on behalf of UFI, Mutual Marine would be subrogated to any and all rights of UFI, and/or be assigned such rights by UFI.  Under the Third Agreement, Mutual Marine agreed to return to National Union the $700,000 it overpaid.  In exchange, Mutual Marine would be assigned National Union's rights and interests to recoup that excess payment. GenStar's arguments that these agreements relieve GenStar from paying what it is legally obligated to pay under the terms of its own policy is without merit.  Both of the agreements made by Mutual Marine were contracts made for consideration, namely, the assignment of each party's rights in the litigation.  When Mutual Marine made the payment to National Union on

---

the point in time when the insurer first learns of the grounds for disclaimer of liability or denial of coverage."); *Columbia Cas. Co. v. National Emergency Servs., Inc.*, 723 N.Y.S.2d 473, 474 (1st Dep't 2001) (insurer's seventeen-month delay in disclaiming coverage was "clearly unreasonable" and rendered the disclaimer ineffective).

behalf of UFI, the party to the First Agreement who owed the remainder of the

seventy-five percent apportionment of the judgment, Mutual Marine was assigned

UFI's right to pursue its excess insurer, GenStar, for that covered loss.

   At bottom, Mutual Marine reduced GenStar's exposure for UFI's

liability and for ITO and the City's liability as additional named insureds by

twenty-five percent.  GenStar's attempt to evade even this reduced liability fails on

both of the grounds raised herein.  No genuine issues of material fact exist, and

GenStar is liable to pay the additional moneys paid by Mutual Marine over and

above its policy limit in connection with the Underlying Action and this action as

a matter of law.[11]

---

[11]  Because I am denying GenStar's motion for summary judgment and
granting summary judgment in favor of Mutual Marine, GenStar's motion to
dismiss Mutual Marine's cross-claims is denied.  For the same reason, Mutual
Marine's complaint that its motion for summary judgment was improperly limited
in scope by the Court is now irrelevant.

## VI.   CONCLUSION

For the foregoing reasons, GenStar's motion for summary judgment is denied.  After searching the record, the Court grants summary judgment in favor of Mutual Marine.  The Clerk of the Court is directed to close this motion [No. 57 on the Docket Sheet] and this case.  The parties are directed to submit a joint proposed judgment in accordance with this Opinion.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            September 14, 2007

## -Appearances-

### For Universal Fabricators, Inc., New York Marine and General Insurance Company and Mutual Marine Office, Inc.:

William D. Gallagher, Esq.
Patrick W. Brophy, Esq.
McMahon, Martine & Gallagher, LLP
90 Broad Street, 14th Floor
New York, New York 10004
(212) 747-1230

### For General Star National Insurance Company:

Christopher T. Bradley, Esq.
Marshall, Conway, Wright & Bradley, P.C.
116 John Street
New York, New York 10038
(212) 619-4444